Paul F. Jenkins, Esquire
NJ ATTORNEY ID #: 16531995
**NEHMAD PERILLO & DAVIS, P.C.**
4030 Ocean Heights Avenue
Egg Harbor Township, New Jersey 08234
Phone: (609) 927-1177
Fax: (609) 926-9721
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| John Zervas and Sandra Mula<br><br>Plaintiffs,<br><br>v.<br><br>Assured Fire/Water Restoration, Anthony Persiano, Carmelo Strazzeri, and William Bianco,<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs John Zervas and Sandra Mula, by way of Complaint against defendants Assured Fire/Water Restoration, Anthony Persiano, Carmelo Strazzeri, and William Bianco, say:

### PARTIES

1. Plaintiff John Zervas is a resident of the State of Florida, residing at 14931 Via Porta, DelRay Beach, FL, 33446.

2. Plaintiff Sandra Mula is a resident of the State of Florida, residing at 4201 N. Ocean Blvd., Unit 805 C, Boca Raton, FL, 33431

3. Defendant Assured Fire/Water Restoration LLC ("Assured Fire") is a corporation and/or limited liability company organized and existing under the laws of the State of New Jersey, with offices located at 6715 Atlantic Ave., Ventnor, Atlantic County, NJ 08406.

4. Defendant Anthony Persiano is a resident of the State of New Jersey, and a principal, owner, officer, and/or shareholder of Assured Fire, with offices located at 6715 Atlantic Ave., Ventnor, Atlantic County, NJ 08406.

5. Carmelo Strazzeri, is a resident of the State of New Jersey, and a principal, owner, officer, and/or shareholder of Assured Fire Assured Fire, with offices located at 6715 Atlantic Ave., Ventnor, Atlantic County, NJ 08406

6. Defendant William Bianco, is a resident of the State of New Jersey, and a principal, owner, officer, and/or shareholder of Assured Fire, with offices located at 6715 Atlantic Ave, Ventnor, NJ 08406.

## JURISDICTION

7. Plaintiffs bring this Complaint pursuant to diversity of citizenship jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

8. Venue is proper in the United States District Court for the District of

New Jersey pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose in this district.

## FACTS

9. At all times material hereto, Assured Fire held itself out as a corporation organized and existing under the laws of the State of New Jersey, which was engaged in the business of post casualty and/or disaster response, including but not limited to property/damage restoration, remediation, repair, and adjustment.

10. Assured Fire and the individual defendants entered into a contract or contracts with plaintiffs under which defendants borrowed money from plaintiffs, purportedly to be utilized for certain identified, existing, and ongoing Assured Fire restoration projects, including projects located at: (1) 7006 Black Horse Pike, Egg Harbor Township, New Jersey; (2) 119 N. Sacramento Ave, Ventor, New Jersey; and (3) 7901 State Road, Philadelphia, Pennsylvania.

11. In the alternative, defendants Persiano, Strazzeri, and Bianco were each guarantors of Assured Fire's obligations under the aforesaid contract or contracts, and jointly and severally liable for repayment of the monies owed and/or for any breach of contract by Assured Fire.

12. Defendants represented to plaintiffs that the borrowed funds would be utilized solely for the purposes of the aforementioned projects, and that said identified projects were existing and ongoing.

13. At the time that defendants made said representations they knew that the representations were false.

14. Defendants made said representations with the intent that plaintiffs would rely on the representations and provide money to defendants.

15. Plaintiffs did rely on said representations and entered into a contract or contracts with defendants under which plaintiffs paid $150,000 to defendants for said identified projects, with the monies to be paid back to plaintiffs with interest over a designated period of time.

16. Defendants breached their contractual obligations by failing to utilize the funds for said identified projects, and by failing to make payments to plaintiffs in accordance with the contracts between the parties.

17. Plaintiffs have provided defendants with a reasonable opportunity to cure this breach of contract, but defendants have failed to do so.

18. There remains a balance due and owing from defendants to plaintiffs in the amount of $150,000, plus interest, attorneys' fees and costs incurred.

### COUNT I – CONSUMER FRAUD

1. Plaintiffs restate the foregoing allegations of this Complaint as if set forth herein at length.

2. The New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, ("CFA")

constitutes remedial legislation that is to be construed liberally in favor of consumers, to further the goal of rooting out consumer fraud.

3. Consumer fraud within the meaning of the CFA involves an Unconscionable commercial practice.

4. The CFA was initially designed to combat sharp practices and dealings that victimized consumers by luring them into purchases through fraudulent or deceptive means.

5. The CFA has since been expansively interpreted to protect consumers even when a defendant acts in good faith.

6. Thus, the CFA provides individual consumers with a cause of action to recover monies, legal fees, as well as treble damages for violations, whether the violations were committed in good faith or otherwise.

7. The foregoing conduct of the defendants constitutes actionable tortious conduct within the meaning of the CFA.

8. The aforesaid conduct of defendants constitutes unlawful commercial practices within the meaning of the CFA.

9. Plaintiffs have been damaged as a result of defendants' aforesaid conduct and violations of the CFA, including the monies that plaintiffs provided to defendants, as well as interest, legal fees, and costs incurred.

WHEREFORE, plaintiffs demand judgment against defendants for punitive

5

damages, treble damages under the CFA, compensatory damages, interest, as well as legal fees and costs incurred.

## COUNT II – FRAUD

10. Plaintiffs restate the foregoing allegations of this Complaint as if set forth herein at length.

11. Defendants' aforesaid conduct constitutes legal and equitable fraud under New Jersey law.

12. Plaintiffs have been damaged as a direct result of defendants' fraud, including the monies paid to defendants, interest, and legal fees and costs incurred.

**WHEREFORE**, plaintiffs demand judgment against defendants for punitive damages, compensatory damages, interest, as well as legal fees and costs incurred.

## COUNT III – BREACH OF CONTRACT

13. Plaintiffs restate the foregoing allegations of this Complaint as if set forth herein at length.

14. Defendants' aforesaid conduct constitutes a breach of the contract and/or contract(s) between the parties.

15. Plaintiffs have been damaged as a result of defendants' breach of contract, including the monies paid to defendants as well as interest, legal fees and costs incurred.

WHEREFORE, plaintiffs demand judgment against defendants for compensatory damages, interest, as well as legal fees and costs incurred

## COUNT IV – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

16. Plaintiffs restate the foregoing allegations of this Complaint as if set forth herein at length

17. The contract and/or contracts between the parties contained implied covenants of good faith and fair dealing.

18. Defendants' aforesaid conduct constitutes a breach of the implied covenant of good faith and fair dealing in the contract and/or contracts between the parties.

19. Plaintiffs have been damaged as a result of defendants' aforesaid conduct, including the monies paid to defendants as well as interest, legal fees and costs incurred.

WHEREFORE, plaintiffs demand judgment against defendants for punitive damages, compensatory damages, interest, as well as legal fees and costs incurred.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P 38(b), the Plaintiff demands a trial by jury of all issues so triable as of right.

## L.Civ.R. 11.2 CERTIFICATION

Pursuant to L.Civ.R. 11.2, the undersigned attorneys hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. The undersigned attorney certifies that the foregoing statements are true. The undersigned attorney understands that if any of the above statements made by me are willfully false, the undersigned attorney is subject to punishment.

Date: November 15, 2016		By:_____/s/_____
Paul F. Jenkins, Esquire
pjenkins@npdlaw.com
NJ ATTORNEY ID #: 16531995
NEHMAD PERILLO & DAVIS, P.C.
4030 Ocean Heights Avenue
Egg Harbor Township, New Jersey 08234
Phone: (609) 927-1177
Fax: (609) 926-9721
Attorneys for Plaintiffs