**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| JOHN ZERVAS AND SANDRA MULA, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> ASSURED FIRE/WATER RESTORATION, : <br> et al., : <br> : <br> Defendants. : | Civil No. 16-8543 (RBK/AMD) <br><br> **OPINION** |

**KUGLER,** United States District Judge:

This matter comes before the Court upon Plaintiffs John Zervas and Sandra Mula ("Plaintiffs")'s motion for default judgment and Defendants Assured Fire/Water Restoration, Anthony Persiano, Carmello Strazzeri, and William Bianco (collectively, "Defendants")'s cross-motion to set aside entry of default. For the reasons set forth below, Plaintiffs' motion for default judgment will be **DENIED** and Defendants' motion to set aside default will be **GRANTED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiffs in this case are both Florida residents. Compl. ¶¶ 1-2 (Doc. No. 1).[1] The individual Defendants are all New Jersey residents and shareholders of Assured Fire/Water Restoration, a New Jersey corporation engaged in the business of property restoration and repair. *Id.* ¶¶ 3-6. Plaintiffs claim that Defendants breached a contract between them by borrowing

---

1. The Court notes that Plaintiffs' Complaint begins renumbering paragraphs once they begin listing their counts. The Court will ignore this perplexing choice and refer to ¶ 1 of Count One as ¶ 19, ¶ 2 of Count One as ¶ 20, etc.

$150,000 to pay for three specific restoration projects and then failing to use the money for the specified projects and to make timely repayments. *Id.* ¶¶ 10-18. Defendants claim that the money was used for alternate projects because the three specified projects fell through, that such a shift was contemplated in the agreement, and that the $150,000 was not a loan but rather the first part of an investment in Defendant company Assured Fire/Water Restoration. Def.'s Opp'n Br. at 5-6 (Doc. No. 13). While all parties agree that Defendants repaid $8600 of the money, Defendants claim that they repaid an additional $45,000 via wire transfers and cash. *Id.* at 7. Plaintiffs respond that the $15,000 wire transfer was a brokerage fee, rather than a repayment. Pl.'s Reply/Opp'n Br. at 1 (Doc. No. 15). Plaintiffs also contend that the alleged $30,000 cash repayment never occurred. *Id.*

Plaintiffs filed the instant complaint on November 15, 2016 seeking relief for claims of fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and consumer fraud under the New Jersey Consumer Fraud Act. Compl. ¶¶ 19-37. Defendants were served on November 22, 2016, with their answer due by December 13, 2016. Plaintiffs requested entry of default against Defendants on December 20, 2016. (Doc. No. 10). The Clerk of Court entered default on December 21, 2016. Plaintiffs moved for default judgment on December 22, 2016. Defendants first responded to this action on December 30, 2016. (Doc. No. 12). Defendants filed a brief opposing Plaintiffs' motion for default judgment and moved to set aside default on January 23, 2017.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) allows a court to enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a

2

defendant fails to appear . . ., the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). In doubtful cases, motions for default judgment must be resolved in favor of the non-moving party. *United States v. $55,518 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984).

Under Rule 55(a), there is a two-step procedure required for entry of default judgment: first, the Clerk must enter default, and then either the Clerk or the Court may enter default judgment under Rule 55(b). When an entry of default has been made and prior to default judgment being entered, Rule 55(c) provides that "the court may set aside an entry of default for good cause." The decision to set aside the entry of default in accordance with Rule 55(c) "is left primarily to the discretion of the district court." *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz*, 728 F.2d at 1180).

The standard used to set aside an entry of default under Rule 55(c) is "good cause" and looks to the factors used when determining whether to enter default judgment under Rule 55(b). *See $55,518.05 in U.S. Currency*, 728 F.2d at 195. When seeking to set aside an entry of default or an entry of default judgment, the Court must consider three factors: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *$55,518 in U.S. Currency*, 728 F.2d at 195). For a defendant's default to result from culpable conduct, it must be the product of "willfulness" or "bad faith," and requires "more than mere negligence." *Hirtz*, 732 F.2d at 1182-83.

**III. DISCUSSION**[2]

The three-factor standard weighs in favor of vacating the Clerk's entry of default and weighs against granting Plaintiffs' motion for default judgment. First, Plaintiffs will not be prejudiced if default judgment is not granted. Defendants have now answered their motions and are participating in the case. Plaintiffs have an alternative and preferred means for vindicating their claims against Defendants other than entry of default judgment: proceeding with this litigation. Second, while Defendants have not yet filed an answer, their briefs in opposition to default judgment make several allegations, which include claims that they made additional repayments and that the contract allowed them to use Plaintiffs' money for alternative projects. Def.'s Opp'n Br. at 14-15. Defendants also allege that Plaintiffs' money was an investment in their business, not a loan. Def.'s Reply Br. at 2 (Doc. No. 16). Plaintiffs dispute these allegations. *See* Pl.'s Reply/Opp'n Br. at 2-5. Nevertheless, Defendants' contractual interpretation arguments would constitute a litigable defense against Plaintiffs' claims. Third, Defendants claim that they failed to respond to the properly served summons because they believed it was part of a different case, and only became aware that this case had been filed after receiving notice of the entry of default. Def.'s Opp'n Br. at 13. Plaintiffs aver that Defendants' previous failure to respond to a complaint in a different lawsuit suggests culpable conduct here because of Defendants' perceived willingness to "play[] fast and loose with the Court." Pl.'s Reply/Opp'n Br. at 7. However, there is no indication that Defendants' failure to respond *in this action* was motivated by anything more than mere negligence. Viewed in light of the Third Circuit's well-established preference that cases be decided on the merits whenever practicable, these factors indicate that entry of

---

2. As an initial matter, the Court grants Defendants' request for leave to file their Reply Brief (Doc. No. 18) *nunc pro tunc*.

default judgment is inappropriate. Accordingly, this Court will grant Defendants' motion to set aside entry of default and deny Plaintiff's motion for entry of default judgment.

**IV. CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Default Judgment is **DENIED**. Defendants' Motion to Set Aside Default is **GRANTED**. An appropriate order shall issue.


Dated:  06/22/17                                                s/ Robert B. Kugler
                                                                                       ROBERT B. KUGLER
                                                                                       United States District Judge